**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Adele Massie, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 7573 |
| | ) | |
| Resurgent Capital Services, L.P., a | ) | |
| Delaware limited partnership, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Adele Massie, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.    Plaintiff, Adele Massie ("Massie"), is a citizen of the State of Massachusetts, from whom Defendants attempted to collect a delinquent consumer debt owed for a Credit One Bank credit card, which was then allegedly owed to a bad debt buyer, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities

program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant Resurgent is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant Resurgent conducts business in Illinois.

6.     Defendant Resurgent is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant Resurgent acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7.     Ms. Massie is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed originally to Credit One Bank.  At some point in time, an affiliate of Defendant Resurgent bought Ms. Massie's Credit One Bank debt after she defaulted on it, and when Defendant began trying to collect the Credit One Bank debt from her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

8.     On August 2, 2010, one of Ms. Massie's attorneys at LASPD informed

2

Defendant, in writing, that Ms. Massie was represented by counsel, and directed Resurgent to cease contacting her, and to cease all further collection activities because Ms. Massie was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit <u>C</u>.

9.      Nonetheless, Defendant sent a collection letter, dated September 20, 2010, directly to Ms. Massie, which demanded payment of the Credit One Bank debt. A copy of this letter is attached as Exhibit <u>D</u>.

10.      Accordingly, on November 2, 2010, Ms. Massie's LASPD attorney had to send Defendant another letter, to direct it again to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit <u>E</u>.

11.      Defendant Resurgent's collection actions complained of herein occurred within one year of the date of this Complaint.

12.      Defendant Resurgent's collection communications are to be interpreted under the "unsophisticated consumer" standard. <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13.      Plaintiff adopts and realleges ¶¶ 1-12.

14.      Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. <u>See</u>, 15 U.S.C. § 1692c(c).

15.     Here, the letter from Ms. Massie's agent, LASPD, told Defendant to cease communications and cease collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

16.     Defendant Resurgent's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

19.     Defendant knew, or readily could have known, that Ms. Massie was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit <u>C</u>), that Ms. Massie was represented by counsel, and had directed a cessation of communications with Ms. Massie.  By sending a collection letter to Ms. Massie, despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

20.     Defendant Resurgent's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

4

**PRAYER FOR RELIEF**

Plaintiff, Adele Massie, prays that this Court:

1.      Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Massie, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Adele Massie, demands trial by jury.

Adele Massie,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  November 24, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com